IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

AUG 0 9 2002

MICHAEL N. MILBY, CLERK

|  |  |  |
|---|---|---|
| PRO-LIFE COUGARS and<br>JEANNE S. TULLOS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-02-219 |
| DR. ELWYN C. LEE, in his<br>official capacity as Vice<br>President for Student Affairs<br>for the University of Houston,<br>and DR. WILLIAM F. MUNSON,<br>in his official capacity as<br>Assistant Vice President for<br>Student Development and Dean<br>of Students for the University<br>of Houston, | § § § § § § § § § § | |
| Defendants. | § | |

**ORDER**

Pending are Defendants' Motion to Dissolve Preliminary Injunction (Document No. 34), and Defendants' Motion for Stay of Preliminary Injunction and of Proceedings on Summary Judgment Pending Appeal (Document No. 42), to which Plaintiffs have filed their responses in opposition.

Defendants argue that the University policy pursuant to which the Dean of Students denied to Plaintiffs their First Amendment rights has now been superseded by a new and different policy, which the University President formally approved on the day after this Court's Order of Preliminary Injunction was entered. Defendants contend that the constitutionality of the prior policy is now a

50

moot issue and that the new policy would apply to any proposed expressive activity by Plaintiffs.  It is for that reason that Defendants move to dissolve the preliminary injunction and, if not dissolved, to stay the order pending appeal.

The new policy, of course, was not the subject of the preliminary injunction and the Dean of Students did not purport to act under the new policy when he denied to Plaintiffs their First Amendment rights.  It was the University's policy for regulation of student expressive activities contained in the Student Handbook 2001-2002, and the action of Defendants pursuant thereto, that was the subject of the constitutional challenge.  It is pursuant to that unconstitutional policy that the Dean of Students exercised his unbridled discretionary authority to determine that Plaintiffs' "Justice for All" exhibit was "potentially disruptive" and therefore would be banned from Butler Plaza by his prior restraint, even though the same exhibit when displayed on Butler Plaza a few months earlier had caused no disruption.  The Court's Order of Preliminary Injunction restrained Defendants from acting under or invoking the authority of the policy set forth at page 65 of the Student Handbook 2001-2002, so as to impose prior restraint on student expressive activity in Butler Plaza, a designated public forum on the main campus of the University of Houston, and to refrain from denying Plaintiffs the right to display their "Justice

for All" exhibit in Butler Plaza in accordance with the University Event Registration that they had filed in the Spring of this year.

The University's new policy was not at issue in deciding Plaintiff's motion for preliminary injunction. Even though Defendants invoke the new policy as justification for their present motions, they simultaneously insist that they "did not and do not concede the unconstitutionality of the prior policy," (Motion to Dissolve Preliminary Injunction, at 7) and "do not, and are not obliged to, concede that their former policy was [unconstitutional]." (Defendants' Reply in Support of their Motion to Dissolve Preliminary Injunction). Moreover, as they should do if they believe this Court erred, Defendants have filed a Notice of Appeal from the Order of Preliminary Injunction to the United States Court of Appeals for the Fifth Circuit.

The Court is not persuaded that the constitutional issue determined by this Court is moot. Given Defendants' continued constitutional defense of its 2001-2002 policy and of Defendants' reliance upon that policy in denying to Plaintiffs their First Amendment rights, for which they are seeking vindication on appeal, and still being of the opinion that the policy is unconstitutional for the reasons set forth in the Findings of Fact and Conclusions of Law entered June 24, 2002, the Court finds that Defendants have not shown good cause for, and the equities do not favor, the granting of either of Defendants' current motions. It is therefore

3

ORDERED that Defendants' Motion to Dissolve Preliminary Injunction (Document No. 34) and Defendants' Motion for Stay of Preliminary Injunction and of Proceedings on Summary Judgment Pending Appeal (Document No. 42) are both DENIED.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this __8ᵀᴴ__ day of August, 2002.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

4